UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW LEWIS,

        Petitioner,

-vs-                    Case No. 8:08-cv-556-T-33TBM

SECRETARY, DEPT. OF CORRECTIONS,

        Respondent.
_____/

## ORDER

This cause is before the Court on Petitioner Andrew Lewis' 28 U.S.C. § 2254 petition for writ of habeas corpus. Lewis challenges his convictions and sentences entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida. A review of the record demonstrates that the petition must be denied.

## PROCEDURAL HISTORY

On July 23, 2004, the State filed an Information charging Lewis with one count of trafficking in hydrocodone. (Exh. 14: Vol. 1: R 5).[1] The State filed an Amended Felony Information on February 22, 2005. (Exh. 14: Vol. 1: R 27). In June, 2005, the case proceeded to jury trial before the Honorable Timothy R. Peters, Circuit Judge. Lewis was represented by court-appointed counsel, Nathaniel Kidder. The jury found Lewis guilty of trafficking in

---

[1] Respondent filed the four-volume record in the direct appeal as Exhibit 14. Volumes three and four contain the trial transcript.

hydrocodone as charged. (Exh. 14: Vol. 1: R 194). On June 2, 2005, the state trial court sentenced Lewis to a fifteen year minimum mandatory term of imprisonment. (Exh. 14: Vol. 1: R 135- 138).

## Direct Appeal

Lewis pursued a direct appeal. Christopher Desrochers, the Special Assistant Public Defender assigned to represent Lewis on appeal, filed an initial brief (Exhibit 1) raising three issues:

### Issue I

THE TRIAL COURT ERRED IN DENYING THE MOTION FOR JUDGMENT OF ACQUITTAL, AS THE STATE HAD NOT PROVEN CORPUS DELICTI FOR THE CHARGED OFFENSE.

### Issue II

THE TRIAL COURT ERRED IN ADMITTING MR. LEWIS' STATEMENTS IN THE ABSENCE OF CORPUS DELICTI.

### Issue III

THE TRIAL COURT ERRED IN ADMITTING THE "HIGH CRIME/HIGH DRUG AREA" EVIDENCE, AS IT WAS HIGHLY PREJUDICIAL AND LACKED PROBATIVE VALUE AND RELEVANCY.

The State filed its answer brief. (Exhibit 2). On March 31, 2006, in Case No. 2D05-3285, the Second District Court of Appeal filed a per curiam affirmance of Lewis' conviction and sentence. (Exhibit 3). *Lewis v. State*, 926 So. 2d 1282 (Fla. 2d DCA 2006)[table]. The mandate issued on April 21, 2006. (Exhibit 4).

## Rule 3.850 Motion for Postconviction Relief

On December 15, 2006, Lewis filed a pro se Motion for Postconviction Relief and memorandum of law pursuant to Florida Rule of Criminal Procedure 3.850. (Exhibit 5). Lewis

raised three grounds for relief: (1) trial counsel was ineffective for failing to conduct an adequate pretrial investigation of the case; (2) trial counsel was ineffective for failing to call Officer David Garardo as a defense witness at trial; (3) trial counsel was ineffective for failing to object to Lewis' illegal charge and sentence. Lewis also raised a fourth ground, which the state trial court treated as a claim that there was insufficient evidence to support the conviction. On March 2, 2007, the state trial court summarily denied grounds two, three, and four, and directed the State to respond to ground one. (Exhibit 6). The State filed its response, with attached record exhibits, on March 29, 2007. (Exhibit 7). On April 10, 2007, Lewis mailed a reply to the State response, but the state trial court did not receive the response until April 16, 2007. (Exhibit 8). Meanwhile, on April 13, 2007, the state trial court issued a final order denying the motion for postconviction relief. (Exhibit 9). Lewis filed a motion for rehearing (Exhibit 10), which the state trial court denied on May 9, 2007. (Exhibit 11).

Lewis appealed the adverse rulings. Because of the summary nature of the proceeding, the parties were not required to file briefs, and neither party did so. On February 20, 2008, in Case No. 2D07-2653, the state district court of appeal per curiam affirmed the state trial court's denial of postconviction relief. (Exhibit 12). *Lewis v. State*, 976 So. 2d 1108 (Fla. 2d DCA 2008)[table]. The mandate issued March 12, 2008. (Exhibit 13).

## THE PRESENT PETITION

Lewis timely filed the present § 2254 petition on March 18, 2008, raising the following two grounds for relief:

Ground One

Whether the state court erred in affirming Petitioner's direct appeal after the trial court conviction.

Ground Two

Whether the state court erred in denying the Rule 3.850 motion without an evidentiary hearing in violation of Florida Rule of Criminal Procedure 3.850(d).

## AEDPA STANDARD OF REVIEW

Lewis' federal petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also, Bell v. Cone*, 543 U.S. 447, 455 (2005)(habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]). Pursuant to 28 U.S.C. § 2254:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

"Clearly established Federal law," not dicta, is the governing legal principle decision. *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is

contrary to clearly established governing federal law. *Mitchell v. Esparza*, 540 U.S.12 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308-10 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Brown v. Payton*, 543 U.S. 133, 141 (205); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Parker v. Secy of Dept. of Corrections,* 331 F.3d 764, 775-76 (11th Cir. 2003).

"A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. at 141. An objectively unreasonable application of precedent occurs when (1) a state court identifies the correct legal rule but unreasonably applies it to the facts; or (2) a state court either unreasonably extends a legal principle from precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Diaz v. Sec'y for the Dep't of Corr.*, 402 F.3d 1136, 1141 (11th Cir. 2005).

Finally, a factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson v. Haley*, 353 F.3d 880, 890-91 (11th Cir. 2003).

## DISCUSSION

Ground One

Lewis contends generally that the state appellate court erred in affirming his conviction. In support of this contention, Lewis presents the three issues that were raised in his direct appeal: (1) the trial court erred in denying the motion for judgment of acquittal, as the State had not proven corpus delicti for the charged offense; (2) the trial court erred in admitting Mr. Lewis' statements in the absence of corpus delicti; and (3) the trial court erred in admitting the "high crime/high drug area" evidence, as it was highly prejudicial and lacked probative value and relevancy.

These three claims do not raise an issue of federal constitutional magnitude. Federal courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims that are not based on a violation of the United States Constitution are not cognizable in a 28 U.S.C. § 2254 petition for writ of habeas corpus *Barclay v. Florida*, 463 U.S. 939 (1983). *See also Wainwright v. Goode*, 464 U.S. 78, 104 (1983); *Engle v. Isaac*, 456 U.S. 107, 119 (1982). Errors that do not infringe on federally protected rights provide no basis for federal habeas corpus relief. Even if Lewis had framed the issues in the federal petition as constitutional violations, which he did not, such claims were not exhausted in state court and are now procedurally barred. A review of the initial brief on direct appeal shows that Lewis relied only upon state statutory and case law in support of his argument on the issues.[2] His

---

[2] A review of the trial transcript shows that during the defense motion for judgment of acquittal based on lack of proof of corpus delicti, Lewis proffered only state cases in support of his argument. (Exh. 14: Vol. 4: T 257-266, 269-276).

failure to present federal constitutional argument in the state courts results in a procedural bar of all three claims in the § 2254 petition.

**A. The trial court erred in denying the motion for judgment of acquittal, as the State had not proven corpus delicti for the charged offense**.

Lewis' first argument is that the state court erred in denying his motion for judgment of acquittal. In *Pearson v. Sec'y, Dep't of Corr.*, 273 Fed. Appx. 847 (11th Cir. 2008) (unpublished), the Eleventh Circuit held that the petitioner's motion for judgment of acquittal, which was argued to the state court in terms of state law only, did not fairly present a federal constitutional claim, and was therefore unexhausted and procedurally barred. The Pearson Court reiterated that in order to exhaust constitutional claims, the petitioner must present his claims to the state courts in such a manner that the state courts have an opportunity to apply controlling legal principles to the facts bearing upon the petitioner's constitutional claim:

> The AEDPA requires a state prisoner to exhaust all available state court remedies, either on direct appeal or in a state postconviction proceeding, 28 U.S.C. § 2254(b)- (c), thereby giving the state the opportunity to correct its alleged violations of federal rights, *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004). The exhaustion doctrine requires the petitioner to "fairly present" his federal claims to the state courts in a manner to alert them that the ruling under review violated a federal constitutional right. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971)). Exhaustion is not satisfied "merely" if the petitioner presents the state court with "all the facts necessary to support the claim" or even if a "somewhat similar state-law claim was made." *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004) (citation omitted). The petitioner must instead "present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" *Id.* (quoting *Picard*, 404 U.S. at 277).
>
> "'Thus, to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007) (quoting *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) (concluding that the issue was raised where the petitioner did not specifically state on direct appeal

> that these issues were to be reviewed under the Federal Constitution, but he provided enough information about the claims (including cites to Supreme Court cases) to notify the state courts that the challenges were being made on both state and federal grounds.). "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin*, 541 U.S. at 32.

*Pearson*, 273 Fed. Appx. at 850.

Claims that are procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72 (1977), or establish the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Lewis has not demonstrated cause and prejudice or a miscarriage of justice to obtain federal review of the defaulted claim.

**B. and C. The trial court erred in admitting Lewis' statements in the absence of corpus delicti and in admitting the "high crime/high drug area" evidence.**

Lewis argues the trial court erred in admitting his statements in the absence of corpus delicti and that the trial court erred in admitting the "high crime/high drug area" evidence. These issues concern the admissibility of evidence, generally not cognizable in a § 2254 federal habeas petition. Where a claim of constitutional magnitude is lacking, as in the instant case, the federal court in the habeas corpus context will not review a state trial court's actions concerning the admissibility of evidence. *Cargill v. Turpin*, 120 F.3d 1366, 1375 (11th Cir. 1997) (citing *Alderman v. Zant*, 22 F.3d 1541, 1555 (11th Cir.), *cert. denied*, 513 U.S. 1061 (1994); *Osborne v. Wainwright*, 720 F.2d 1237, 1238 (11th Cir.1983)).

Ground One does not warrant habeas corpus relief.

GROUND TWO

Lewis contends the state postconviction court erred in denying the Rule 3.850 motion without an evidentiary hearing, in violation of Florida Rule of Criminal Procedure 3.850(d). This issue, as framed by Lewis, <u>also</u> fails to present a federal constitutional question. It is well-established that a writ of habeas corpus only extends to custody and detention. *See Spradley v. Dugger*, 825 F2d 1566, 1568 (11th Cir. 1987). Federal habeas relief does not extend to collateral or ancillary forms of administrative relief. In addressing this issue, the Eleventh Circuit stated in *Spradley*:

> Petitioner filed a habeas petition in federal district court asserting three claims: (1) that the state trial court which heard and denied his 3.850 motion violated his due process rights because it failed to conduct an evidentiary hearing and did not attach to its opinion denying relief those portions of the record on which it relied;
> . . .
>
> Turning to claim (1),. . . we conclude that the claim should have been dismissed as insufficient pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Neither the state court's failure to hold a hearing on petitioner's 3.850 motion nor its failure to attach the relevant portions of the record in any way undermines the validity of petitioner's conviction. Because claim (1) goes to issues unrelated to the cause of petitioner's detention, it does not state a basis for habeas relief.

*Id.* at 1568 (citations omitted). *See also Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999) (finding that "errors in state post-conviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief'); *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990) ("Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding"), *cert. denied*, 495 U.S. 936 (1990); *Franzen v. Brinkman,* 877 F.2d 26, 26 (9th Cir. 1989), *cert. denied sub nom.*, *Franzen v. Deeds*, 493 U.S. 1012 (1989); *Hopkinson v. Shillinger*, 866 F.2d 1185, 1219-20 (10th Cir. 1989), *cert. denied*, 497 U.S. 1010 (1990); *Bryant v. Maryland*, 848 F.2d 492, 493 (4th

Cir. 1988) ("claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief"); *Kirby v. Dutton*, 794 F.2d 245, 247-48 (6th Cir. 1986).

Errors or defects in state post-conviction proceedings do not render a prisoner's detention unlawful or raise constitutional questions cognizable in federal habeas corpus proceedings. "Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself." *Williams v. Missouri*, 640 F.2d 140, 143-44 (8th Cir. 1991). *See also Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 534 U.S. 1001 (2001) (citing *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995)). Because Lewis' claim goes to an issue unrelated to the cause of his detention, it does not state a basis for federal habeas relief. *See Tijerina v. Estelle*, 692 F.2d 3, 5-6 n. 1 (5th Cir. 1982); *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). Therefore, this Court lacks jurisdiction to consider Ground Two as stated by Lewis.

Alternatively, if Lewis is asking this Court to review the three allegations of ineffective assistance of counsel set out in the § 2254 petition, then those claims should be denied for failure to satisfy the prerequisites of 28 U.S.C. § 2254(d) and (e). In order to show a violation of the Sixth Amendment right to counsel, Lewis must satisfy the two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Bell v. Cone*, 535 U.S. 685, 698 (2002)(courts should apply *Strickland* to claims that counsel failed to satisfy constitutional requirements at specific points).

First, Lewis must demonstrate that his attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second,

Lewis must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Lewis must prove both prongs of *Strickland*. In this case, the state postconviction court recognized the appropriate *Strickland* precedent and the court's application of the *Strickland* standard to the facts of Lewis' case was objectively reasonable.

As his first claim, Lewis alleges counsel was ineffective for failing to conduct an adequate pretrial investigation. Specifically, he faults counsel for failing to call Jessica Mygdal and Officer David Garardo as defense witnesses. Lewis raised this argument in ground one of his Rule 3.850 motion. The court summarily denied the claim after reviewing the record and the State's response. The final order denying relief states in pertinent part:

**A. Trial Counsel was Ineffective for Failing to Investigate Jessica Mygdal.**

> The Defendant alleges that his trial counsel was ineffective for failing to conduct an adequate pre-trial investigation of the Defendant's case. Specifically, the Defendant alleges that he informed trial counsel that Jessica Mygdal would testify at trial on the Defendant's behalf that she 1) did not give officers permission or keys to search her car, 2) did not tell officers that she had allowed the Defendant to use her car, and 3) did not tell officers that when the Defendant returned with her car he showed her some pills or stated "look what I got." The Defendant contends that Ms. Mygdal was deposed and was available to testify at trial but claims that his trial counsel failed to call her as a witness despite the Defendant's request that he do so. The Defendant alleges that had his trial counsel called Ms. Mygdal as a witness the outcome of the trial would have been different. The State was directed to respond to this claim.

> In its response, the State contends and the court agrees that the Defendant has failed to prove either that counsel's performance was deficient, or, that the alleged deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). First, the State contends that an entire reading of the trial transcript reveals that there was no testimony regarding statements by Jessica Mygdal about what she told police regarding the Defendant's use of her car or the

Defendant's statements to her. Therefore, the State contends, and the court agrees, that her anticipated testimony on that matter would have been irrelevant.

With regard to whether Ms. Mygdal gave consent to the search and gave her car keys to the police, the State points out that the record shows that trial counsel intended to call Ms. Mygdal as a witness. See Exhibit A: Trial Transcript, pp. 248, 280. However, no witnesses were called for the defense and the Defendant chose not to testify. See Exhibit A: Trial Transcript, pp. 288-289. The State correctly notes that the Defendant cannot now claim that counsel was ineffective for failing to investigate Ms. Mygdal as a witness when the record shows that counsel did investigate her and intended to call her as a witness at trial, but the Defendant made the decision not to put her on.

Moreover, as the State correctly notes, even had trial counsel called Ms. Mygdal as a witness at trial, her testimony would not have affected the outcome of the trial since the Defendant could not present her testimony in an attempt to suppress the drugs found in the car because the Defendant did not have standing to suppress evidence that was obtained in violation of the Fourth Amendment Rights of a co-defendant. *Thomas v. State*, 596 So. 2d 518 (Fla. 5th DCA 1992) *citing Wong Sun v. United States*, 371 U.S. 471 (1963). Ms. Mygdal's only purpose would be to impeach the testimony of Officer Gerardo, the officer who testified as to her consent to search. See Exhibit A: Trial Transcript, pp. 170, 215. However, the State points out that Ms. Mygdal had credibility problems since she had been arrested for possession of hydrocodone during the investigation. See Exhibit A: Trial Transcript, p. 215.

Furthermore, the police had a valid basis to search the car, regardless of Ms. Mygdal's consent. Police Officers testified to observing the Defendant going in and out of the car for approximately thirty minutes. See Exhibit A: Trial Transcript, pp. 145, 156, 166, 213 and 224. Police Officers made contact with the Defendant immediately after these observations and arrested the Defendant on an outstanding warrant. See Exhibit A: Trial Transcript, pp. 146, 167; Exhibit B: May 4,2005 Motion Transcript, pp. 8, 17 and 21. The State correctly points out that police may search a car incident to an arrest where, as here, the Defendant was a recent occupant of that car. It does not matter that the Defendant was not in the car when police initiated contact. *State v. Waller*, 918 So. 2d 363 (Fla. 4th DCA 2005) *citing Thornton v. State*, 541 U.S. 615 (2004). Accordingly, this claim is denied.

**B. Trial Counsel was Ineffective for Failing to Call Officer Garardo as a Defense Witness.**

In addition, the Defendant alleges that he requested that trial counsel interview and call Officer David J. Garardo as a defense witness at trial, and that

-12-

Officer Garardo would have testified that he did not see the Defendant in the locked car or find the hydrocodone pills on the Defendant's person, rather, the drugs were found by another officer who searched Ms. Mygdal's car. The record shows that Officer Garardo testified at trial regarding the Defendant's presence in the car and where the hydrocodone was found and by whom. See Exhibit A: Trial Transcript, pp. 156-158, 171, 224-227. In addition, the Defendant's trial counsel specifically questioned Officer Garardo regarding whether he saw the Defendant in the car. See Exhibit A: Trial Transcript, pp. 198-201, 223, 227-228. Further, both Officer Garardo and Officer Lossius testified that Officer Garrardo found the pills in the center console of Ms. Mygdal's car. See Exhibit A: Trial Transcript, pp. 147, 171. It is unlikely that had Officer Garardo been called as a defense witness that he would have testified contrary to his testimony on direct and cross examination. Accordingly, this claim is denied.

(Exh. 9 at pp. 2-4).

As his second allegation, Lewis faults counsel for failing to object to Lewis' alleged illegal sentence. The state postconviction court summarily denied this claim for the following reasons:

> The Defendant alleges that his trial counsel failed to object to the Defendant's illegal charge and sentence. Specifically, the Defendant alleges that he was improperly charged and sentenced pursuant to § 893.135, Florida Statutes, and that he should have been correctly charged and sentenced pursuant to § 893.03(3)(c)4, Florida Statutes, which the Defendant alleges is a third degree felony. It appears that the Defendant is alleging that, because the seventeen pills he is convicted of trafficking were only partially composed of hydrocodone (10 milligrams each), and were mostly composed of Tylenol, he has been incorrectly charged with and sentenced for trafficking more than 14 grams of hydrocodone. Accordingly, the Defendant contends that his trial counsel was ineffective for failing to object to his allegedly illegal charge and sentence.
>
> First, § 893.03, Florida Statutes, the section pursuant to which the Defendant claims he should have been charged and sentenced, is entitled "Standards and Schedules," and, as such, merely contains categories listing drugs with no enumerated crimes. The Defendant could not be charged or sentenced pursuant to this section. Accordingly, trial counsel could not be deficient for failing to have the Defendant charged or sentenced pursuant to this section.
>
> Second, § 893.135(6), Florida Statutes, states in pertinent part that, for the purposes of § 893.135, "the weight of the controlled substance is the total weight of the mixture, including the controlled substance and any other substance in the mixture." Accordingly, the Defendant was properly charged with the entire weight of the pills and trial counsel had no grounds to object to the Defendant's charge.

> Third, the State's expert forensic chemist, Hillary Markert, testified and was cross-examined by trial counsel regarding her determination of the weight and content of the pills. See Exhibit C: Trial Transcript, pp. 228-246. Accordingly, the Defendant was properly sentenced after the jury found beyond a reasonable doubt that the Defendant possessed more than 14 but less than 28 grams of hydrocodone. See Exhibit D: Trial Transcript, p. 372. This claim is denied.

(Exh. 6 at pp. 3-4).

Finally, Lewis alleges counsel failed to make the State prove beyond a reasonable doubt that Lewis actually or constructively possessed the alleged controlled substance (hydrocodone). In denying the motion for postconviction relief, the state court reasonably construed this claim as an argument that there was insufficient evidence to support his conviction and that trial counsel should have objected. (See Exh. 6 at p. 4). The state court properly found this claim to be procedurally barred because it should have been raised on direct appeal. The order states:

> It appears that the Defendant is alleging that there was insufficient evidence to support his conviction because the State failed to prove beyond a reasonable doubt that the Defendant was in possession of the illegal drugs and that trial counsel failed to object. [footnote omitted]. The Defendant cannot claim that evidence was insufficient to sustain the conviction and sentence in a motion for post conviction relief. *Montana v. State*, 597 So. 2d 334 (Fla. 1st DCA 1992)(finding claims procedurally barred where they could have been raised on direct appeal). It is improper to attempt to now fashion the issue as an ineffectiveness claim since the issue was raised at trial and could have been presented on appeal. *See Parker v. State*, 904 So. 2d 370, 380 (Fla. 2005).

(Exh. 6 at p. 4).

The law is well-settled in Florida that *"*[i]ssues that could have been, but were not, raised on direct appeal are not cognizable through collateral attack." *Harvey v. Dugger,* 656 So.2d 1253, 1256 (Fla. 1995). Postconviction proceedings under Rule 3.850 are not be used as a

second appeal, nor is it appropriate to use a different argument to relitigate the same issue(s). *See Torres- Arboleda v. Dugger*, 636 So.2d 1321, 1323 (Fla. 1994).

This Circuit has long recognized this aspect of Florida law. *See Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir.)(claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), *cert. denied*, 464 U.S. 922 (1983); *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir.), *cert. denied*, 498 U. S. 832 (1990)(under Florida law, an issue which could have been raised on direct appeal may not be reviewed in a Rule 3.850 motion). Consequently, the issue Lewis presents under the guise of ineffective assistance of counsel is procedurally barred.

Claims that are unexhausted and procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, or a fundamental miscarriage of justice. *Wainwright v. Sykes*; *Coleman v. Thompson*. Lewis has neither argued nor shown that cause and prejudice or a fundamental miscarriage of justice exists in his case. Therefore, the claim must be dismissed as procedurally barred.

Accordingly, the Court orders:

That Petitioner Lewis' petition is denied. The Clerk is directed to enter judgment against Petitioner Lewis and to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a

substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on January 21, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Andrew Lewis